**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2627
_____

LAMONT WALKER,
Appellant

v.

CITY MANAGER; HOUSING URBAN;
INSPECTION BUILDING; WASTE MANAGEMENT;
CONSUMER AFFAIRS LIASION; TRENTON POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-22-cv-01872)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 27, 2022
Before:  SHWARTZ, BIBAS, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 5, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lamont Walker appeals the District Court's order dismissing his complaint. For the reasons that follow, we will affirm the District Court's order.

Walker filed a complaint against several city officials in Trenton. After screening it pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court dismissed the complaint for failure to state a claim but gave Walker thirty days to file an amended complaint. After several non-compliant filings, the District Court construed Walker's motion to amend his complaint as an amended complaint and again screened it pursuant to § 1915(e)(2)(B). The District Court dismissed the amended complaint, having determined that Walker's allegations consisted of "only legal conclusions and incomplete, rambling thoughts without any factual allegations to support whatever claims he attempts to assert." Order at 2-3 (ECF No. 18). Walker filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291[1] and exercise plenary review over a District Court's sua sponte dismissal of a complaint under § 1915(e). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation omitted). It is not enough for a plaintiff to offer only conclusory

---

[1] Because the District Court included all of its reasoning in its order and did not enter judgment on a separate document, the judgment is deemed "entered" for purposes of Fed. R. App. P. 4(a) on the date when "150 days have run from entry of the order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii). Walker filed his appeal within that 150-day period, rendering it timely. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 n.5 (3d Cir. 2007).

allegations or a simple recital of the elements of a claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

We agree with the District Court that Walker's allegations are insufficient.  In his amended complaint and other filings in the District Court, Walker mentioned federal statutes but none of them clarified what claims he sought to raise.  See 5 U.S.C. § 552 (describing information that public agencies should make public); 18 U.S.C. § 242 (describing criminal penalties for those that violate the federal rights of others).[2]  He also cited to cases involving due process but did not describe what right he was deprived of or how any process was insufficient.[3]  Walker also submitted exhibits, including a notice that he owed child support arrears in New York State and a notice from the City of Trenton that he owed over $10,000 for fees and fines related to a vacant property.  He did not explain the relevance of these documents.  His scattered and conclusory allegations simply do not assert a claim that is "plausible on its face."  Iqbal, 556 U.S. at 678.

On appeal, Walker makes similar, conclusory allegations.  Instead of describing the facts underlying his allegations, he simply asserts that the defendants know the facts

_____

[2] We note that there is no federal right to require the government to initiate criminal proceedings.  Linda R.S. v. Roland D., 410 U.S. 614, 619 (1973).

[3] Walker also referred to a case in the United States District Court for the District of Massachusetts involving unrelated parties in which the District Court granted summary judgment in favor of the defendants on claims of employment discrimination and awarded attorneys' fees against the plaintiff as a sanction.  See Vaks v. LumiraDx, Inc., No. CV 18-12571-LTS, 2021 WL 395565, at *3 (D. Mass. Feb. 4, 2021); Vaks v. LumiraDx, Inc., No. CV 18-12571-LTS, 2020 WL 7324756, at *11 (D. Mass. Dec. 11, 2020), aff'd sub nom. Vaks v. LumiraDx, No. 21-1031, 2021 WL 6339631 (1st Cir. Dec. 7, 2021).  His reference to this case does not provide any clarity to his allegations.

and have conspired to violate his rights. When asked on the pro se brief form what law should be applied, he simply answered, "no government immunity" and vaguely referred to laws noted in other, unspecified filings. None of Walker's allegations, however, was dismissed on the grounds of immunity.

Because Walker failed to state a claim, the District Court did not err in dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the above reasons, we will affirm the District Court's judgment.